**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DONALD CULLEN, on behalf of himself
and all others similarly situated,

 Plaintiff - Appellant,

 v.

NETFLIX, INC.,

 Defendant - Appellee.

No. 13-15092

D.C. No. 5:11-cv-01199-EJD

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted March 13, 2015
San Francisco California

Before: McKEOWN, MURGUIA, and FRIEDLAND, Circuit Judges.

Cullen appeals the district court's dismissal of his California Disabled

Persons Act claim, Cal. Civ. Code §§ 54, 54.1(a), his Unruh Civil Rights Act

claim, Cal. Civ. Code §§ 51–52, and his Unfair Competition Law claim, Cal. Bus.

---

 [*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

& Prof. Code § 17200.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Cullen's Disabled Persons Act and Unruh Civil Rights Act claims are predicated on the Americans with Disabilities Act ("ADA").[1]  *See* Cal. Civ. Code § 51(f) ("A violation of the right of any individual under the [ADA] shall also constitute a violation of this section."); *id.* § 54(c) (same).  Under Title III of the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation."  42 U.S.C. § 12182(a).  We have previously interpreted the statutory term "place of public accommodation" to require "some connection between the good or service complained of and an actual physical place."  *See Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000).  Because Netflix's services are not connected to any "actual, physical place[]," Netflix is not subject to the ADA. *See id.*  Therefore, in light of *Weyer*, Cullen's ADA-predicated Disabled Persons Act and Unruh Civil Rights Act claims fail as a matter of law.  *See id.*

The district court held that Cullen lacked standing to assert a claim under the Unfair Competition Law because he failed to allege causation—that is, Cullen

---

[1]  Cullen does not assert an independent ADA claim or any independent Disabled Persons Act or Unruh Civil Rights Act claims not predicated on an ADA violation.

failed to allege an injury *resulting from* Netflix's business practices. *See* Cal. Bus. & Prof. Code § 17204. Cullen failed to challenge this holding in his opening brief and therefore waived any objection to the district court's dismissal for lack of standing. *See Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003) (citing *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998)). Therefore, we affirm the district court's dismissal.

**AFFIRMED**.